# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

DON L. HUGHES,                )
     #256862,              )
                     )   CIVIL ACTION NO. 9:11-2459-JFA-BM
          Petitioner,     )
                     )
v.                            )
                     )   **REPORT AND RECOMMENDATION**
TIM RILEY, WARDEN OF TYGER)
RIVER CORRECTIONAL          )
INSTITUTION,                )
                     )
         Respondent.      )
_____)

       This is a <u>pro se</u> Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on September 12, 2011.[1]  The Respondent filed a return and motion for summary judgment on January 11, 2012.  As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on January 12, 2012, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

       After receiving an extension of time to respond, Petitioner filed a memorandum in opposition to the motion for summary judgment on March 20, 2012.[2]  This matter is now before the Court for disposition.[3]

---

     [1]Filing date under <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

     [2]On that same day, the Court granted a second motion to extend time to respond.  However, no further filings have been received from the Petitioner.

     [3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local

*(continued...)*



## Procedural History

Petitioner was indicted in March 1998 in Orangeburg County on two counts of Criminal Sexual Conduct with a Minor - Second (2nd) Degree involving one minor victim ("Victim") [Indictment Nos. 98-GS-38-1085 & 1290]. (R.pp. 541-543). Petitioner was represented by Margaret Hinds, Esquire, and Charles Grose, Esquire, and on March 11, 1999, after a trial by jury, Petitioner was found guilty on both charges. (R.pp. 299-301). Petitioner was sentenced to two (2) consecutive twenty (20) year terms of imprisonment. (R.p. 305).

Petitioner filed a timely appeal in which he was ultimately represented by Joseph L. Savitz, Esquire.[4] Petitioner raised the following issue in his direct appeal:

> The judge violated South Carolina Evidence Rule 612 by refusing to permit defense counsel to inspect notes a key state's witness had used to refresh her testimony and also by refusing to make those notes a part of the record.

(R.p. 309).

On July 9, 2001, the South Carolina Court of Appeals filed an opinion reversing the trial court's refusal to order the expert, Mrs. Tuck, to submit her notes and remanding for an evidentiary hearing to determine whether Petitioner was entitled to access to the notes as outlined in Rules of Evid., 612. State v. Hughes, 552 S.E.2d 35 (S.C.Ct.App. 2002).[5] The Remittitur was sent down on March 26, 2002.

---

(...continued)
Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[4]Petitioner was initially represented by M. Anne Pearce, Esquire.

[5]The State filed a petition for rehearing in the South Carolina Supreme Court, which was denied.



2

After conducting an evidentiary hearing on the matter; (R.pp. 340-397); the state court judge issued an order finding that there was nothing in witness Tuck's office notes that would have assisted defense counsel in her defense of the Petitioner, that the notes were consistent with the testimony of Mrs. Tuck, and that nothing in the notes impaired or impeached the testimony of the victim or her sister.  (R.pp. 398-399).

Petitioner filed a timely appeal in which he was represented by Eleanor Duffy Cleary, Esquire.  Petitioner raised the following issue in his direct appeal:

> Whether the trial court on remand erred in finding that there was nothing in the counselor's interview notes which would assist defense counsel in her defense of appellant where the notes would have allowed counsel to question the counselor and the alleged victims on several key points, some of which cannot be known since the counselor did not recall what the notes referenced after the passage of time?

(R.p. 403).

On January 7, 2005, the South Carolina Court of Appeals filed an opinion affirming the convictions and sentences.  State v. Hughes, No. 2005-UP-003 (S.C.Ct.App. filed Jan. 7, 2005).  The Remittitur was sent down on January 25, 2005.

On June 14, 2005, Petitioner filed an Application for Post-Conviction Relief ("APCR") in state circuit court; Hughes v. State of South Carolina, 05-CP-38-619; in which he raised the following issues:

1.      Ineffective assistance of counsel;

2.      Double jeopardy Clause;

3.      Violating Rules (402)(403)(404);

4.      8th Amendment to Constitution Violation; and

5.      Guarantees Fair & Impartial Bond.

3



(R.p. 432).

On April 26, 2007, an evidentiary hearing was held at which Petitioner was present and represented by Robert Hood, Esquire.  (R.pp. 442-499; <u>see also</u> R.pp. 501-513).  The PCR court noted that, at the hearing, the Petitioner raised the following additional issues:

1.  Ineffective assistance of counsel:

    a.  Counsel should have moved for severance of trial on each count;
    b.  On cross examination of a witness, counsel opened the door to testimony that otherwise would not have come in;
    c.  Counsel did not raise issue of double jeopardy;
    d.  Counsel's delay in seeking bond after bond was initially denied prejudiced Applicant's ability to prepare his case and protect his home;
    e.  Lack of cross-examination of witnesses;
    f.  Lack of preparation;
        i.  Advised Applicant not to testify.
    g.  Should have produced expert medical witnesses;
    h.  Should have brought up that victim was clearly coached;

2.  Ineffective assistance of appellate counsel:[6]

    a.  Did not pursue issue of door-opening on appeal;
    b.  Did not raise issue of D.H. [sister] being allowed to testify;
    c.  Did not raise issue of double jeopardy;
    d.  Should have brought up that S.H. [victim] was coached;
    e.  Should have petitioned for writ of certiorari after <u>State v. Hughes</u>, Op. No. 2005–UP-003 (S.C.Ct.App. Filed January 7, 2005).

(R.p. 518).

On January 28, 2009, the PCR court entered a written order denying the petition in its entirety.  (R.pp. 516-538).

Petitioner timely filed an appeal of the denial of his APCR.  Petitioner was represented

_____

[6]As Petitioner raised issues of ineffective assistance of appellate counsel for the first time at the hearing, the record was held open to receive the testimony of Ellenor Cleary, Petitioner's appellate counsel, who was deposed on May 8, 2008.



on appeal by Wanda H. Carter, Esquire, and raised the following issues:

1.  Defense counsel erred and prejudiced the defense by opening the door (during cross-examination) for a key state's witness to testify regarding the identity of the perpetrator because the witness' testimony was limited to time and place prior to error.

2.  Appellate counsel erred in failing to petition for review in the South Carolina Supreme Court after Petitioner's case was affirmed by the Court of Appeals because the issue of whether the expert witness' dearth of notes affected her assessment and credibility was meritorious.

<u>See</u> Petition, p. 2.

The Petition was denied by the South Carolina Supreme Court on April 21, 2011.  <u>Hughes v. South Carolina</u> (filed April 11, 2011).  The Remittitur was issued on May 12, 2011.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following claims:

**Ground One**: Ineffective Assistance of Trial Counsel.

Counsel failed to move for sever trials - failed to get appropriate bond so Defendant could assist in defense and assist in finding evidence
Failed to Prepare Defendant for trial and advised not to testify
Failed to provide expert witness and to object to the use of "plural"
"Opened Door" during cross-examination and failed to properly cross-examine "alibis and dates would have proven story was fabricated."

**Ground Two:** 14th Amendment "Due Process" Rule 612 SCRE Violation

The key witness used notes to refresh her memory but defense was denied access to the notes, unleveling the balance of justice. Rule 612 states, "if the writing is not produced" . . . the order shall be "Striking the Testimony" or in his discretion, "Declaring a Mistrial".

**Ground Three:** Ineffective Assistance of Appellate Counsel.

Appellate counsel erred in failing to petition for review in the South Carolina Supreme Court after Petitioner's case was affirmed by the

5



Court of Appeals. Appellate Defense only filed an "Anders"[7] brief and only raised one issue on direct appeal, when there were numerous rules of court and rules of evidence violations.

See Petition pp. 6-9.

## **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## **I.**

In Ground One of his Petition, Petitioner contends that trial counsel was ineffective because she failed to move to sever his trials, failed to get appropriate bond so Petitioner could assist in his defense and assist in finding evidence, failed to prepare Petitioner for trial and by advising him

---

[7] Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744. See also Johnson v. State, 364 S.E.2d 201 (S.C. 1988).



not to testify, failed to provide an expert witness and to object to the use of "plural", and "opened [the] door" during cross-examination and failed to properly cross-examine "alibis and dates [that] would have proven [the] story was fabricated." However, the only issue Petitioner raised in his PCR appeal regarding ineffective assistance of trial counsel was with regard to defense counsel "opening the door". See Petition for Writ of Certiorari , p. 2. Therefore, since Petitioner did not preserve the other issues discussed in Ground One of his Petition by pursuing them in his PCR appeal, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

      While technically exhausted, however, since these additional claims were not properly



pursued in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert. denied</u>, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman</u>, 501 U.S. at 750.

Here, Petitioner contends that the cause for his procedural default was ineffective assistance of his PCR counsel. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." <u>Murray</u>, 477 U.S. at 488; <u>see</u> also <u>Coleman v. Thompson</u>, <u>supra</u>; <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991); <u>Noble v. Barnett</u>, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause <u>per</u> <u>se</u> in the procedural default context"); <u>Smith v. Dixon</u>, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. <u>Ortiz v. Stewart</u>, 149 F.3d 923, 932 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 77 F.3d 1155, 1159 (9th Cir. 1996). Ineffective assistance of *PCR counsel*, which is what Petitioner argues here, does not amount to an independent constitutional violation, and is not therefore "cause" for a procedural default. <u>Murray v. Giarratano</u>, 492 U.S. 1-7, 13 (1989) [O'Connor, J., <u>concurring</u>] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that

8



requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

Since Petitioner cannot establish "cause" by arguing that his PCR counsel was ineffective for failing to properly pursue certain claims in his PCR appeal, Petitioner has not shown the necessary cause for his failure to properly pursue these claims through appeal in the state courts. Therefore, Petitioner has failed to show cause for his procedural default on the remainder of the claims presented in Ground One of his Petition. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if these claims are not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Hence, these claims are procedurally barred from consideration



by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

       With regard to the one remaining properly exhausted claim raised in Ground One, that trial counsel was ineffective by opening the door (during cross-examination) for a key state's witness to testify about the identity of the perpetrator, this issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Hughes v. State of South Carolina, No. 05-CP-38-0619.

       Specifically, the PCR judge found that: 1) on direct examination, Ms. Joy Lynn Bacot (a friend of the victim) testified that the victim had disclosed that she had been sexually abused at her home two years prior pursuant to Rule 801(d)(1)(D), SCRE; 2) on cross-examination, trial counsel asked: "Ms. Bacot, you don't have any personal knowledge yourself of anything that went on between [the victim] and her dad in terms of these accusations do you?",[8] following which the witness indicated that she did not; 3) the solicitor argued that counsel's question opened the door to allow him to inquire of the witness on redirect as to the identity of the perpetrator; 4) the trial judge agreed, over defense objection, and on redirect the solicitor elicited that the victim had told Ms. Bacot that Petitioner was the perpetrator; 5) no other witnesses were able to testify as to whom the victim said the perpetrator was; 6) further, even though the solicitor only argued that the identity testimony was admissible after cross-examination by defense counsel having "opened the door," the identity

---

[8] See also, (R.p. 104).



testimony could arguably have been admissible under Rule 801(d)(1)(B) as well[9], citing <u>State v. Jeffcoat</u>, 565 S.E.2d 392 (S.C.Ct.App. 2002); 7) therefore, counsel was not ineffective for having "opened the door" with the question to Ms. Bacot; 8) even if counsel were deficit in this regard, this error did not constitute prejudice to Petitioner such that but for the alleged error the outcome of the trial would have been different; 9) it is well-settled that Rule 801(d)(1)(D), SCRE, carefully shrouds the identity of the perpetrator in allowing limited corroborative testimony in a criminal sexual conduct case as to time and place only; 10) however, the victim, S.H. clearly identified Petitioner as the sole perpetrator of the sexual abuse and testified that each incident took place in the family home[10]; 11) in addition to Joy Lynn Bacot, Serita Miles, Verlin Bacot, Officer Chad Rush, Officer Emory Rush, DSS worker Tracy Hicks, DSS worker Deborah Haskell, trauma counselor Dawn Tuck, and D.H. corroborated the time and place elements of S.H.'s testimony; 12) Serita Miles testifed that S.H. had described the time frame as "just recently" and "since before she had started coming to my home;" 13) Serita Miles also testified that S.H. had told her the abuse occurred at the family home; 14) Verlin Bacot corroborated specifically that the time the abuse had occurred was before S.H. went to Alabama and had resumed when S.H. returned from Alabama and the place the abuse had occurred

---

[9]The PCR judge noted in a footnote that Defense counsel also "raised the issue of coaching by asking about the police suggesting that victim include a number of times to make the testimony 'seem more real.' The issue of improper motive was also raised by inquiring of S.H. [the victim] as to whether she chose to live with the Bacots and about her living conditions. Part of the defense theory of the case was that these allegations were made because the girls were unhappy with their father's strict rules and lack of financial resources." (R.p. 523, n. 7).

[10]In a footnote, the PCR Judge further noted that there "was also testimony from S.H. that she and D.H. [sister] lived in the home with Petitioner and rarely had guests. The only other resident in the home was [Petitioner's] girlfriend, and S.H. testified that the abuse began only when [Petitioner's] girlfriend had moved out." (R.p. 523, n. 8).



was in the S.H.'s family home; 15) officer Chad Rush likewise corroborated the time of the abuse as having occurred until April and the location of the abuse, the family home; 16) Detective Emory Rush corroborated the same time frame and location; 17) Tracy Hicks, a DSS worker, corroborated the time frame of about two years and the location, the family home; 18) another DSS worker, Deborah Haskell, also gave a two-year time frame for the abuse and corroborated the location as the family home; 19) Trauma counselor, Dawn Tuck, corroborated that there were two different time spans when the abuse occurred and that the abuse occurred in the family home; 20) D.H. corroborated that S.H. had said the abuse occurred from June to November of 1996 and from October of 1997 to April 1998 in their family home; 21) D.H. was also allowed to testify that Petitioner sexually abused her; 22) it was true that this case turned on the credibility of the witnesses; 23) however, in this particular case, there was little question as to the identity of the perpetrator if the jury believed a sexual act(s) occurred - the only other testimony was that S.H. was a virgin but for the sexual abuse; 24) it was a conversation between S.H. and her friends about wearing white on their wedding days that sparked S.H.'s disclosure of the abuse; 25) given that the corroborative identity testimony was only given by one witness and that several witnesses testified as to the same time frame and same location, the family home, the outcome of the trial would not have been any different, but for counsel's alleged error in opening the door to the identity testimony with regard to Joy Lynn Bacot's testimony; and 26) Petitioner failed to show any prejudice in this regard. (R.pp. 522-524).

   Substantial deference is to be given to the state court's findings of fact. <u>Evans v. Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert. denied</u>, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], <u>cert. denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir.

12



2000)(en banc), <u>cert</u>. <u>denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). <u>See</u> <u>also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert</u>. <u>denied</u>, 531

U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert</u>. <u>denied</u>, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct

under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the

issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.

<u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d. 1560, 1568 (4th

Cir. 1993), <u>cert</u>. <u>denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d. 1092, 1100 (4th

Cir. 1990), <u>cert</u>. <u>denied</u>, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance

of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review

is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the

Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000). <u>See</u> <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see</u> <u>also</u>

<u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect

to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly established

federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in

considering Petitioner's ineffective assistance of counsel claim.



Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 694. In <u>Strickland</u>, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Mazzell</u>, 88 F.3d at 269.

Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. After Joy Lynn Bacot had testified as to the time and place of the assaults, Petitioner's counsel asked her on cross-examination, "Do you know, did you see, yourself, or do you know of [the victim's] dad doing this to her by personal knowledge or by her telling you?" (R.p. 104). The Solicitor argued that Petitioner's counsel opened the door for him to question Bacot about what the victim had told her about the alleged abuse. The Court agreed, and allowed the Solicitor to ask Bacot who the victim told her the perpetrator was. (R.pp. 105-109). Even assuming arguendo that defense counsel's performance was deficient in opening the door, however, the PCR court found that the evidence was such that the outcome of the proceeding would not have been different but for the error. Petitioner's

14



defense theory at trial was not to deny that the victim accused him of molesting her. Rather, Petitioner's defense was that the victim was making up the story, because she wanted to go live with a friend's mother. (R.p. 79, 88, 123-124, 203, 246, 248, 259-260, 268-269). The victim clearly identified Petitioner as the sole perpetrator of the sexual abuse. (R.pp. 60-70). The victim's sister also testified that the Petitioner abused her in their family home. (R.pp. 206-209). Numerous witnesses testified as to the place of the abuse of the victim and her sister at the family home in a time frame when testimony was that only the victim, the victim's sister, and Petitioner lived in the home and that they rarely had guests.[11] (R.pp. 61-67, 78-79, 96, 101, 119-120, 127, 132, 144, 148, 153, 161, 173-189, 191-200). The PCR court then found that since the corroborative identity testimony was only given by one witness and that several witnesses testified as to the same time frame and same location, the family home, the outcome of the trial would have not have been any different, but for counsel's alleged error in opening the door to the identity testimony with regard to Joy Lynn Bacot's testimony.

The PCR Court further determined that since the Petitioner argued that the police had coached the child in giving her statement, Bacot's statement could arguably have been admissible under Rule 801(d)(1)(B) as well. See State v. Jeffcoat, 565 S.E.2d 321, 323-325 (S.C.Ct.App. 2002)[child's statement identifying perpetrator was admissible under 801 (d)(1)(B) where defense asserted police improperly influenced child's testimony and statement was made before contact with police and judicial system]; State v. Fulton, 509 S.E.2d 819, 821 (S.C.Ct.App. 1998)[a prior consistent statement made by a witness before a motive to fabricate arose is admissible to rebut an

---

[11]There was also testimony that, although Petitioner's girlfriend lived with them for a period of time, the abuse occurred when she had moved out. (R.pp. 60.72, 91, 178-179, 182-183, 185-188, 196-199, 244).



express or implied charge of recent fabrication or improper motive]; State v. Street, 551 N.W.2d 803, 839 (Wis.Ct.App. 1996)["[C]onsistent statements made prior to the alleged coaching of the children are admissible."]

Petitioner has not shown that these findings are unreasonable, nor has Petitioner shown that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312. This claim should be dismissed.

## II.

At Petitioner's trial, licensed professional counselor Crystal Tuck was called to testify that the victim's behavior was consistent with child sexual abuse. In Ground Two of his Petition, Petitioner contends that his right to due process under the 14th Amendment was violated when this key witness used notes to refresh her memory but the defense was denied access to the notes. This issue was raised in Petitioner's direct appeal.[12] (R.pp. 309, 403).

Rule 612(2), SCRE, provides,

> before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

In Petitioner's direct appeal, he raised the issue of the trial court erring in not requiring Tuck to

---

[12]To the extent Petitioner is attempting to raise other arguments with respect to this issue that were not presented in his direct appeal, Petitioner has not exhausted any other grounds for relief in state court with respect to this issue and is therefore procedurally barred from asserting them at this time. See discussion, supra. Accordingly, the undersigned has only addressed the merits of this issue on the ground that was presented in Petitioner's direct appeal and now raised by Petitioner in Ground Two of his federal Petition. See (R.p. 403). Furthermore, there was no finding by the state court judge that Petitioner was entitled to the notes at issue. (R.pp. 398-399). Therefore, there is no evidence of a violation of Rule 612, SCRE, for failure to produce the notes after having been ordered to do so by the court. See also (R.pp. 170-173).



produce the notes she used to refresh her memory prior to trial, thereby prejudicing defense counsel's ability to properly cross-examine the witness. (R.p. 403). This appeal was after the case had initially been remanded, following which the notes had been produced to Petitioner's counsel and an evidentiary hearing was held on December 16, 2002. (R.pp. 340-397). On March 26, 2003, the state circuit court judge who had conducted the evidentiary hearing issued an order finding that

> there is simply nothing in these records that would assist defense counsel in her defense of [Petitioner]. The notes were consistent with the testimony of Mrs. Tuck and nothing in the notes impaired or impeached the testimony of Shelly or Donna Hughes. Therefore, it is ordered, that the interests of justice did not require production of the notes of Crystal Tuck and the failure to require production at trial did not impair the defense of the defendant. . . .

(R.pp. 398-399).

Petitioner appealed, and on January 7, 2005, the South Carolina Court of Appeals found that because the benefits of the notes to Petitioner was negligible, the lower court properly exercised its discretion under Rule 612, SCRE, and did not err in denying Petitioner a new trial. (R.pp. 427-429). The undersigned can discern no reversible error in the state courts' findings and conclusions.

The notes at issue are dated from September 10, 1998 through April 7, 1999. See Court Docket No. 17-14. They did not include any information which contradicted any of the testimony of the victim or her sister. (R.pp. 59-92, 191-209). The notes were also consistent with Tuck's testimony. (R.pp. 155-175). Further, the South Carolina Court of Appeals noted that Petitioner's counsel was otherwise able to test Tuck's credibility. (R.p. 429). In fact, Petitioner focuses his argument on the sparseness of the records, that the notes should have contained more information, and that the feelings of the victim and her sister as recorded in the notes could have been attributed to other events such as the loss of their mother. However, Petitioner was certainly aware



that the girls had lost their mother and could have argued at trial that this loss contributed to the girls' feelings irregardless of whether Tuck's notes were available to him [assuming that this testimony would have been relevant and allowed by the trial court].

After careful review of the trial transcript, the notes at issue, arguments from the parties, and the relevant caselaw, the undersigned finds that Petitioner has shown no violation of Rule 612, SCRE, and no entitlement to federal relief based on this claim. Petitioner has not shown that the state courts' findings are unreasonable, nor has Petitioner shown that the state courts' rejection of this claim was unreasonable. <u>Evans</u>, 220 F.3d at 312. This claim should be dismissed.

### III.

In Ground Three of his Petition, Petitioner contends that his appellate counsel was ineffective in failing to petition for review in the South Carolina Supreme Court after Petitioner's case was affirmed by the Court of Appeals. Petitioner also contends that his appellate counsel was ineffective for filing an <u>Anders</u> brief raising only one issue on direct appeal, when there were numerous rules of court and rules of evidence violations.

The only issue Petitioner raised in the PCR appeal regarding ineffective assistance of appellate counsel was appellate counsel's alleged error in failing to petition for review in the South Carolina Supreme Court after Petitioner's case was affirmed by the South Carolina Court of Appeals, because the issue of whether the expert witness' dearth of notes affected her assessment and credibility was meritorious. <u>Petition for Writ of Certiorari</u>, p. 2. Petitioner did not raise the issue in his PCR appeal that appellate counsel was ineffective for filing an <u>Anders</u> brief and for failing to raise other issues on direct appeal. Therefore, since the Petitioner did not preserve that portion of Ground Three in his Petition for Certiorari in his PCR appeal, that issue is barred from further state collateral



review; <u>Whiteley</u>, 401 U.S. at 562 n. 3; <u>Wicker v. State</u>, <u>supra</u>; <u>Ingram</u>, 1998 WL 726757 at **1; <u>Josey</u>, 2001 WL 34085199 at * 2; <u>Aice</u>, 409 S.E.2d at 393; and as there are no current state remedies for Petitioner to pursue this issue; <u>Coleman</u>, 501 U.S. at 735, n.1; <u>Teague</u>, 489 U.S. at 297-298; <u>George</u>, 100 F.3d at 363; <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews</u>, 105 F.3d at 911; federal habeas review of that claim is now precluded absent a showing of cause and prejudice, or actual innocence. <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Waye</u>, 884 F.2d at 766; <u>Coleman</u>, 501 U.S. at 750.

      While Petitioner contends that the cause for his procedural default was ineffective assistance of his PCR counsel for failing to raise and preserve this issue, the undersigned has already found that ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. <u>Murray</u>, 492 U.S. 1-7, 13; <u>Mackall</u>, 131 F.3d at 447-449; <u>Ortiz</u>, 149 F.3d at 932; <u>Pollard</u>, 28 F.3d at 888; <u>Lamp</u>, 122 F.3d at 1104-1105; <u>Parkhurst</u>, 128 F.3d at 1371; <u>Williams</u>, 945 F.2d at 932; <u>Gilliam</u>, 1998 WL 17041 at *6. Therefore, since Petitioner cannot establish "cause"by arguing that his PCR counsel was ineffective for failing to properly pursue this claim in his PCR proceedings, and has otherwise failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered; <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, <u>supra</u>; <u>Rodriguez</u>, 906 F.2d at 1159; <u>Sawyer</u>, 505 U.S. at 348; <u>Bolender</u>, 898 F.Supp. at 881; this part of Petitioner's Ground Three claim is procedurally barred from consideration by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254.

      With regard to Petitioner's remaining claim raised in Ground Three, that his appellate counsel was ineffective for failing to petition for review in the South Carolina Supreme Court after Petitioner's case was affirmed by the Court of Appeals, the PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80



(1976), as amended. See <u>Hughes v. State of South Carolina</u>, No. 05-CP-38-0619. Specifically, the

PCR judge found that: 1) there was no evidence in the record to indicate that Petitioner ever asked

appellate counsel to file a Petition for Writ of Certiorari in the State Supreme Court; 2) appellate

counsel Cleary did file a notice of appeal and a brief; 3) following the South Carolina Court of

Appeals' decision affirming the trial court's order denying Petitioner a new trial, counsel did not file

a petition for writ of certiorari; 4) appellate counsel testified that she generally based her decision on

whether to file a petition on such concerns as whether the Supreme Court will want to reverse the

Court of Appeals and whether there was a dissent in the opinion; 5) appellate counsel testified that

in Petitioner's case, " . . . the trial judge had gone ahead and looked at the notes and the notes were

really sparse and I just didn't think that the Supreme Court was going to have a different opinion of

it than the Court of Appeals."; 6) appellate counsel's file did not contain a request from the Petitioner

to pursue a petition; 7) appellate counsel testified that even if Petitioner had requested that she file

a petition, she would have gotten an extension on the petition for rehearing and would have written

a letter advising Petitioner that she did not believe the case had merit to go forward but that Petitioner

could file on his own with time to do so with the extension; 8) Petitioner did not testify that he

requested a petition be filed, and there was no record that he made any attempt to file a petition *pro

se*; 9) appellate counsel was not ineffective in her representation of Petitioner; and 10) Petitioner

failed to demonstrate that the outcome of the proceeding would have been any different had appellate

counsel filed the petition, thereby failing to demonstrate prejudice. (R.pp. 536-537).

      Based upon a review of the applicable caselaw, Petitioner has failed to show

ineffective assistance of appellate counsel with regard to this claim. First, a petition for writ of

certiorari is discretionary, and South Carolina has "decline[d] to impose a duty on appellate counsel



to pursue rehearing and/or certiorari following the decision of the Court of Appeals in a criminal direct appeal." Douglas v. State, 631 S.E.2d 542, 543 (S.C. 2006). See also Rule 242, SCACR. Rather "the decision whether to pursue certiorari is a matter left solely to the appellant's attorney's professional discretion." Id. at 543-544. Petitioner had no constitutional right to counsel for a secondary appeal, and therefore his ineffective assistance claim necessarily fails. Halbert v. Michigan, 545 U.S. 605, 611 (2005); cf. Morgan v. Yancy County Dept. of Corrections, 527 F.2d 1004, 1005 (4th Cir. 1975); see also Douglas, 631 S.E.2d at 543 (citing Wainwright v. Texas, 455 U.S. 586 (1982)[no Sixth Amendment right to counsel pursuing discretionary appeal]; Ross v. Moffitt, 417 U.S. 600 (1974)[no Fourteenth Amendment right to counsel during discretionary appeal]; State v. Clinkscales, 458 S.E.2d 548 (S.C. 1995)[Sixth Amendment right to counsel "extends only to the first right of appeal"]).

Additionally, the state court addressed this issue on the merits, with appellate counsel testifying that in deciding whether to file for certiorari she looks to whether there is a dissent in the case and whether it is a case where she believes the South Carolina Supreme Court will reverse the state Court of Appeals. (R.p. 508). In Petitioner's case, appellate counsel testified that "since the trial judge had gone ahead and looked at the notes and the notes were really sparse and [she] just didn't think that the Supreme Court was going to have a different opinion of it than the Court of Appeals." (R.p. 508). The state court found no ineffective assistance in this record, and the undersigned agrees that there is no evidence to show that appellate counsel's performance was below the objective standard of reasonableness required by the Sixth Amendment. Strickland, 466 U.S. at 694. Petitioner has not established ineffective assistance of appellate counsel on this basis. Therefore, Petitioner has not shown a right to counsel or that the state court rejection of this issue was



reversible error. (R.pp. 536-537); see Evans, 220 F.3d at 312. This claim is without merit.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 21, 2012

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

